E-FILED
Wednesday, 14 September, 2011 04:13:46 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| NICKOLAS TREVON BRYANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-cv-4089 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N  &  O R D E R

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed by Petitioner Nickolas Trevon Bryant on December 28, 2010 (Doc. 1), and the Motion to Dismiss filed by Respondent on May 17, 2011 (Doc. 4). Petitioner also captions his filing "Motion to Grant New Trial Due to New Extrinsic Evidence" (Doc. 1); the Court interprets this to be a Motion for a New Trial Pursuant to Federal Rule of Criminal Procedure 33. For the following reasons, both of Petitioner's Motions are DENIED and Respondent's Motion to Dismiss is GRANTED.

### BACKGROUND

On January 29, 2008, the Grand Jury returned an indictment charging Petitioner with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Petitioner was represented by attorney George F. Taseff during the criminal proceedings against him. After initially pleading not guilty, Petitioner changed his plea to guilty on April 4, 2008. On July 11, 2008, Petitioner was

sentenced to 86 months of incarceration and 3 years of supervised release, and was ordered to pay a two hundred dollar special assessment. At sentencing, Petitioner was advised of his right to appeal. Judgment was accordingly entered on July 17, 2008. Petitioner never filed a direct appeal. On December 29, 2010, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, and Motion for a New Trial Pursuant to Federal Rule of Criminal Procedure 33. Respondent filed a Motion to Dismiss, arguing that Petitioner's § 2255 Motion is untimely. Petitioner failed to timely respond to the Motion to Dismiss, and no response has been filed as of the date of this Opinion and Order.

## 28 U.S.C. § 2255

A petitioner must file a § 2255 motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[1] At the time of Petitioner's conviction, judgment became final ten days after judgment was entered. FED. R. APP. P. 4(b)(1)(A) (2009) (effective until Dec. 1, 2009). Because Petitioner's § 2255 Motion was not filed within the one-year limitations period, the Motion is untimely and must be dismissed.

In its Motion to Dismiss, Respondent asserts that Petitioner's judgment became final on July 21, 2008. (Doc. 4 at 3). This is incorrect for two reasons. First, pursuant to Federal Rule of Appellate Procedure 4(b)(6), "[a] judgment or order is entered . . . when it is entered on the criminal docket." FED. R. APP. P. 4(b)(6). In Petitioner's criminal case, judgment was entered on the docket on July 17, 2008,

---

[1] There is no showing that the other limitations periods identified in § 2255(f) apply to this case.

not, as Respondent claims, on July 11, 2008. Rather, the July 11 docket entry represents the date on which proceedings were held before the Court, during which Petitioner was sentenced. (7/11/2008 Minute Entry). Because judgment in Petitioner's case became final ten days after judgment was *entered*, the ten-day clock started to run on July 17, 2008.

Second, although Respondent is correct in applying the ten-day limitations period, it counts the days between the beginning and end of the period incorrectly. Prior to December 1, 2009, judgment in a case became final ten days after judgment was entered. FED. R. APP. P. 4(b)(1)(A) (2009) (effective until Dec. 1, 2009). However, this calculation did not include Saturdays, Sundays, or legal holidays. FED. R. APP. P. 26(a)(2) (2009) (effective until Dec. 1, 2009). Respondent asserts that "[s]ince the Judgment was filed on July 11, 2008 . . . Bryant's judgment became final 10 days later, on July 21, 2008 . . . ." (Doc. 4 at 3). Even if the ten-day period started to run on July 11 (which it did not), judgment would not have become final until July 25, because in 2008, July 12-13 and 19-20 were weekend days not to be included in the ten-day limitations period calculation.

Judgment in Petitioner's criminal case became final ten days after July 17, 2008. Using the then-appropriate method for calculating this period (i.e. excluding Saturdays, Sundays, and legal holidays), it becomes clear that Petitioner's judgment became final on July 31, 2008.

But the correction of Respondent's calculating errors still does not save Petitioner's § 2255 Motion. The last day by which Petitioner could have filed his

§ 2255 Motion was July 31, 2009—one year after the date on which judgment became final. 28 U.S.C. § 2255(f)(1). At no point has Petitioner asserted that the limitations period should be tolled. *See Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). Because Petitioner filed his § 2255 Motion on December 28, 2010—nearly two years and five months after judgment in his case became final—the Motion is untimely and must be dismissed.

### FEDERAL RULE OF CRIMINAL PROCEDURE 33

Pursuant to Federal Rule of Criminal Procedure 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). The Seventh Circuit has adopted a four-part test to determine whether a motion for a new trial based on newly discovered evidence should be granted. Petitioner "must show that the evidence (1) was discovered after trial; (2) could not have been discovered sooner with due diligence; (3) was material and not simply impeaching or cumulative; and (4) if presented at a new trial would 'probably result in acquittal.'" *U.S. v. Reyes*, 542 F.3d 588, 595 (7th Cir. 2008) (quoting *U.S. v. Palivos*, 486 F.3d 250, 255 (7th Cir. 2007)). Petitioner fails to point to any new evidence discovered after trial *whatsoever*, much less any such evidence that would, if presented at a new trial, "probably result in acquittal." Instead, all of Petitioner's specific allegations in his Petition appear to support only his ineffective assistance of counsel claim brought under 28 U.S.C. § 2255. (Doc. 1). Because Petitioner has not presented any new evidence, his Motion under Rule 33 must be denied.

4

Additionally, even if Petitioner were able to produce new, material evidence, his Motion would still be subject to dismissal on another ground: Rule 33 applies only to situations in which a trial has occurred. Although the Court has found no cases in this Circuit addressing this issue, other circuits have unanimously found that "[w]hen the defendant has pled guilty . . . no trial has occurred and the Rule 33 remedy is unavailable." *U.S. v. Collins*, 898 F.2d 103, 104 (9th Cir. 1990) (per curiam); *see U.S. v. Miller*, 197 F.3d 644, 648 n. 3 (3d Cir. 1999); *U.S. v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995); *U.S. v. Lambert*, 603 F.2d 808, 809 (10th Cir. 1979); *Williams v. U.S.*, 290 F.2d 217, 218 (5th Cir. 1961). Because Petitioner entered a guilty plea, he cannot now "use Rule 33 as a wedge to undo his acknowledgment that he committed the offense." *Graciani*, 61 F.3d at 78.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his § 2255 case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he

must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, where the district court denies a petition on procedural grounds, such as untimeliness, a petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1).

Based upon the record before it, the Court concludes that jurists of reason would not find it debatable whether the Petition should be dismissed as untimely pursuant to 28 U.S.C. § 2255(f). Petitioner has offered no explanation as to why his Petition was not filed within the one-year limitations period. Additionally, the Court concludes that jurists of reason would not find it debatable whether Petitioner's Rule 33 Motion should be dismissed, as Petitioner points to no new material evidence whatsoever, and because Rule 33 applies only to situations in which a trial has occurred. Accordingly, a certificate of appealability is DENIED.

CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 4) is GRANTED, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is DISMISSED WITH PREJUDICE, Petitioner's Motion for a New Trial Pursuant to Federal Rule of Criminal Procedure 33 (Doc. 1) is DISMISSED WITH PREJUDICE, and a certificate of appealability is DENIED.

IT IS SO ORDERED.

CASE TERMINATED.

Entered this 14th day of September, 2011.

                                                    s/ Joe B. McDade
                                              JOE BILLY McDADE
                                  United States Senior District Judge